# In the United States Court of Federal Claims

No. 23-1943

Filed: February 15, 2024

_____
)
JEFFREY YORKE QUIMBY,              )
                                    )
               *Plaintiff*,              )
                                    )
  v.                                )
                                    )
THE UNITED STATES,                 )
                                    )
              *Defendant*.              )
_____)

## ORDER

Plaintiff Jeffrey Quimby filed this action[1] alleging various claims against several officers of the Los Angeles Police Department ("LAPD") after they "unlawfully arrested and detained" him for six days. ECF No. 1 at 1. Plaintiff's complaint does not clearly outline the facts preceding the arrest and detainment, but Plaintiff claims the LAPD officers "relied on a false police report and neglected to identify the proper victim[.]" *Id.* Plaintiff claims violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments, as well as criminal statutes—*e.g.*, rape, collusion, fraud, and perjury—and 42 U.S.C. § 1983. *See generally id.*

The Government filed a motion to dismiss for lack of subject matter jurisdiction or, alternatively, for failure to state a claim. ECF No. 7. The Government served Plaintiff with the motion to dismiss by first-class mail. ECF No. 8. Plaintiff never responded to the Government's motion. Because Plaintiff has failed to pursue this litigation, the Court dismisses this action under RCFC 41(b). Even if he had pursued this action, the Court would still dismiss because his claims are clearly beyond this Court's jurisdiction.

### I.    Plaintiff has failed to prosecute this action.

"If the plaintiff fails to prosecute . . . the court may dismiss on its own motion[.]" RCFC 41(b); *see also Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) ("While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently[.]"); *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot

---

[1] Plaintiff filed a nearly identical complaint before another judge of this Court. That case was dismissed for lack of jurisdiction. Order of Dismissal, *Quimby v. United States*, No. 23-2027 (Fed. Cl. Nov. 28, 2023), ECF No. 5.

seriously be doubted."). Here, despite being served with the Government's motion on December 22, 2023, Plaintiff has yet to respond in any way. Nearly a month has passed since the deadline for Plaintiff to respond, and the Court does not expect that any response is forthcoming and, therefore, dismisses this action on its own motion under RCFC 41(b). In any event, as discussed in detail below, this Court clearly lacks jurisdiction to hear Plaintiff's claims. Therefore, the Court's dismissal under RCFC 41(b) shall not constitute an adjudication on the merits.

## II.     Plaintiff's claims fall outside of this Court's jurisdiction.

Even if Plaintiff had responded to the motion to dismiss, this Court must grant the Government's motion to dismiss because the Court lacks subject matter jurisdiction over Plaintiff's claims. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### A.     Legal Standard

"Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). This Court's primary source of jurisdiction is the Tucker Act, 28 U.S.C. § 1491. Under the Tucker Act, this Court has subject matter jurisdiction over claims brought against the United States that are "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U. S. C. § 1491(a)(1). But "[t]he Tucker Act itself does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). To establish jurisdiction, Plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Id.* (citations omitted). If there is no money-mandating source of law that supports Plaintiff's claims, "the Court of Federal Claims lacks jurisdiction" and the case must be dismissed for lack of subject matter jurisdiction. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

When deciding a Rule 12(b)(1) motion to dismiss, the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [the Plaintiff's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000). And it is well established that the plaintiff "bears the burden of establishing that the court has subject matter jurisdiction by a preponderance of the evidence." *Howard v. United States*, 74 Fed. Cl. 676, 678 (2006), *aff'd*, 230 F. App'x 975 (Fed. Cir. 2007) (per curiam) (citation omitted). Complaints filed by *pro se* plaintiffs "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (citation omitted). But "the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements." *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

B.     Discussion

First, the Court clearly lacks jurisdiction over Plaintiff's constitutional claims. *Maxberry v. United States*, 722 F. App'x 997, 1000 (Fed. Cir. 2018) ("The Claims Court lacks jurisdiction over claims based on the Fourth, Sixth, Eighth, Thirteenth, and Fifteenth Amendments, and the Due Process clauses of the Fifth and Fourteenth Amendments, because they are not money-mandating."); *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002).  Even if this Court were to construe Plaintiff's claim as asserting a form of cruel and unusual punishment under the Eighth Amendment, this Court would still lack jurisdiction. *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment[.]").  And even though Plaintiff asserts his "due process" claims separate from his other Amendment-based claims, due process rights are rooted in the Fifth Amendment. *Highland v. Russell Car & Snowplow Co.*, 279 U.S. 253, 261 (1929). Regardless, the Court "lacks jurisdiction to adjudicate due process claims absent a separate money-mandating source of substantive law." *Harris v. United States*, 868 F.3d 1376, 1381 n.1 (Fed. Cir. 2017).  Nor does 42 U.S.C. § 1983 provide Plaintiff a "due process" claim because that statute "does not give rise to liability on the part of the United States." *Hover v. United States*, 566 F. App'x 918, 920 (Fed. Cir. 2014) (citations omitted); *see also Dourandish v. United States*, 629 F. App'x 966, 971 (Fed. Cir. 2015); *Alexander v. United States*, 131 F. App'x 275, 277 (Fed. Cir. 2005).

Second, to the extent Plaintiff raises tort-based claims for false imprisonment, etc., the Court lacks jurisdiction over those, as well. *Jackson v. United States*, 612 F. App'x 997, 998 (Fed. Cir. 2015) ("The Court of Federal Claims likewise had no authority to adjudicate Jackson's claim seeking damages for false imprisonment. Because a claim of false imprisonment sounds in tort, it falls outside the court's jurisdictional reach.").

Third, Plaintiff's reliance on various criminal statutes—*e.g.*, rape, collusion, fraud, and perjury, etc.—does not invoke this Court's jurisdiction either. *Snowton v. United States*, 216 F. App'x 981, 983 (Fed. Cir. 2007) ("Additionally, the Court of Federal Claims lacks jurisdiction over suits based upon criminal statutes."); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

Fourth, Plaintiff's complaint lists several LAPD officers as individual defendants. ECF No. 1 at 1.  But this Court does not have jurisdiction over claims brought against parties other than the United States, including individuals—even if they are government employees.  Indeed, as the United States Supreme Court has reasoned, "upon a review of the statutes creating the court and defining its authority, [this Court's] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *see also Martin v. United States*, No. 2022-1810, 2023 WL 1878576, at *3 (Fed. Cir. Feb. 10, 2023) ("For example, the court can only hear claims against the government; thus, it cannot hear claims brought against individuals[.]").  The Court also lacks jurisdiction over state and local agencies. *Austin v. United States*, No. 2023-1541, 2024 WL 111249, at *2 (Fed. Cir. Jan. 10, 2024) ("The Court of Federal Claims does not have jurisdiction over claims against state governments, state courts, or state or local government employees or officials, or over any claims founded on state

law."); *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015) ("The Court of Federal Claims lacks jurisdiction over states, state officials, and state agencies.").

Finally, the fact that Plaintiff used the Court's form complaint that lists the United States as the sole defendant does not establish jurisdiction either. Instead, the Court must look to the factual allegations. *Lawton*, 621 F. App'x at 672. ("Although Ms. Lawton's caption identifies the United States as the defendant in the suit, her factual allegations are directed at New Jersey state agencies, state officials, and private individuals."); *Cooper v. United States*, 771 F. App'x 997, 1000 (Fed. Cir. 2019) ("Although the complaint names the United States as the sole defendant in the case caption, we customarily look to the substance of the pleadings rather than their form to determine whether jurisdiction exists.") (internal quotations omitted).

In sum, Plaintiff fails to establish this Court's jurisdiction over his claims and this Court must dismiss this action.

### III.    Conclusion

For the foregoing reasons, the Court:

1. **GRANTS** Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2;

2. **GRANTS** the Government's motion to dismiss, ECF No. 7; and

3. **DIRECTS** the Clerk's Office to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers  
Edward H. Meyers  
Judge